UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE JUNG, LLC, *et al.* <br><br> v. <br><br> SONDER USA, INC. | CIVIL ACTION NO. 2:23-cv-00692 <br><br> SECTION "G"(5) <br><br> JUDGE NANNETTE JOLIVETTE BROWN <br><br> MAGISTRATE JUDGE MICHAEL NORTH |

**MEMORANDUM IN OPPOSITION TO
SONDER'S RULE 12(B)(6) MOTION TO DISMISS**

**MAY IT PLEASE THE COURT:**

In this action, The Jung, L.L.C. ("Owner") and The Jung Master Tenant, L.L.C. ("Master Tenant") assert claims against Sonder USA, Inc. ("Sonder") for operating a hotel with nearly no oversight over its leased premises in violation of its obligations under Louisiana law, for damaging Owner's property, and for breaching various provisions of its sublease from Master Tenant. Sonder's laissez faire approach has created an environment where shootings, drug dealing, prostitution, and other criminal activity have thrived and flourished, all as pled in detail in plaintiffs' petition.

In its motion to dismiss (R. Doc. 7), Sonder boldly contends that Owner has no cause of action to safeguard its $155,000,000.00 investment and that Master Tenant has no cause of action for damages for Sonder's breach of its obligations. In effect, Sonder's position is that it can operate the premises any way it wants, no matter how negligent and no matter the damage it causes to the hotel building or the plaintiffs' own business operations. Nevertheless, Sonder's motion should be denied because, as discussed herein, plaintiffs' petition states several causes of action against it.

1

## FACTUAL BACKGROUND[1]

In 2007, Owner purchased the Jung Hotel building at 1500 Canal Street in New Orleans (the "Hotel") and subsequently spent $155,000,000 for its renovation and restoration. R. Doc. 1-1, at ¶¶ 3, 4. On February 24, 2015, Owner, as Lessor, and Master Tenant, as Lessee, entered into a Master Lease of the entire Hotel property. *Id.* at ¶ 5. In 2018, the Hotel reopened as the Jung Hotel and Residences. *Id.* at ¶ 6.

On August 2, 2018, Master Tenant and Sonder entered into a Sublease Agreement of a portion of the Hotel consisting of "a total of (111) residential apartment unit(s) … comprising twenty-five (25) two-bedroom and eighty-six (86) one-bedroom residential apartments" (the "Sublease" and the "Premises"). *Id.* at ¶ 7. Generally, the Premises is comprised of the eighth through the seventeenth floors of the Hotel, essentially a hotel within a hotel. *Id.* at ¶ 8.

After opening for business, Sonder's use of the Premises has fallen far below the standard Louisiana law imposes on a prudent administrator. For instance:

- Sonder provides its guests at the Premises with virtually no security, which has resulted in shootings and other violent crime at the Premises involving its guests. *Id.* at ¶¶ 21-28;

- Sonder has not maintained the Premises in a clean and sanitary condition. *Id.* at ¶¶ 47-54; and

- Sonder has not otherwise kept the Premises in good order and repair. *Id.* at ¶¶ 68-77.

Plaintiffs were forced to file this action only after repeated unsuccessful (and ignored) attempts to resolve these issues amicably with Sonder. *Id.* at ¶¶ 29-40. Rather than address these glaring issues, Sonder seeks to dismiss the suit.

---

[1] While there is additional evidence of which plaintiffs are aware supporting their claims and contradicting Sonder's arguments, because Sonder filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), plaintiffs limit their recitation of the facts here to those alleged in their Petition.

# ARGUMENT

A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted."[2] The district court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[3] The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests."[4] The allegations "must be simple, concise, and direct."[5] To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[6] A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.[7] The issue is not whether a plaintiff will ultimately prevail but whether it is entitled to offer evidence to support his claims.[8]

---

[2] *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (internal citations omitted); *Kronlage Fam. Ltd. P'ship v. Eagan Ins. Agency, LLC*, No. CV 22-959, 2023 WL 2018019, at *3 (E.D. La. Feb. 15, 2023) (Brown, C.J.).

[3] FED. R. CIV. P. 8(a)(2).

[4] *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005).

[5] FED. R. CIV. P. 8(d)(1).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[7] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[8] *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996).

I.      **Plaintiffs' Petition States Multiple Claims Against Sonder Based on Louisiana Law.**

In their Petition, plaintiffs repeatedly identify Sonder's breach of various obligations that Louisiana law imposes on it, obligations that are separate and distinct from those under the Sublease.⁹ Yet, Sonder devotes less than two pages at the end of its twenty-four-page memorandum to discussing them.¹⁰ These obligations alone warrant denial of Sonder's motion.

   A.   **Louisiana Law "Fills in the Gaps" Where the Sublease is Silent.**

Comment (e) to Louisiana Civil Code article 2668¹¹ provides that "[i]f the contract is one of lease, then the rules of this Title become applicable for **filling any gaps** in the parties' agreement and for determining its overall validity and effectiveness. ..." (emphasis added).¹² Included within

---

⁹   *See, e.g.,* R. Doc. 1-1, at p. 6 ("Sonder's breaches of both the Sublease and its legal obligations…"), *id.* ("By Failing to Protect its Guests' Safety and Security, Sonder Has Breached its Legal Obligation to Use the Premises as a Prudent Administrator"), *id.* at ¶ 43 ("Through its disregard for safety and security and for the other reasons set forth herein, Sonder has breached its legal obligation to 'use the thing [the Premises] as a prudent administrator and in accordance with the purpose for which it was leased.' La. Civ. Code art. 2683(2)."); *id.* at ¶ 44 ("Plaintiffs are entitled to damages for Sonder's breach of its obligations under Civil Code article 2683(2)."); *id.* at ¶ 70 ("Civil Code article 2683(3) provides that Sonder is required to return the thing [the Premises] at the end of the lease in a condition that is the same as when the thing was delivered to him, except for normal wear and tear."); *id.* at ¶ 71 ("Given the foregoing, it is unlikely that Sonder will be able to return the Premises in the condition required under Civil Code article 2683(3) upon the termination or expiration of the Sublease."); *id.* at ¶ 72 ("Civil Code article 2686 prohibits Sonder from using the Premises 'for a purpose other than that for which it was leased or in a manner that may cause damage.'"); *id.* at ¶ 73 ("In light of the facts discussed herein, Sonder has used the Premises in a manner that not only 'may cause damage,' but rather has caused actual and significant damage to the Premises, to the overall Hotel, and to the Plaintiffs."); *id.* at ¶ 74 ("Under Civil Code article 2686, Sonder 'is bound to notify the lessor without delay when the thing has been damaged or requires repair … The lessor is entitled to damages sustained as a result of lessee's failure to perform this obligation.'"); *id.* at ¶ 75 ("Sonder has not given Master Tenant the required notice of the damages to the Premises, and therefore Plaintiffs are entitled to damages sustained as a result."); *id.* at ¶ 76 ("Finally, Sonder is required by Civil Code article 2692 to 'repair damage to the thing [the Premises] caused by his fault or that of persons who, with his consent, are on the premises or use the thing, and to repair any deterioration resulting from his or their use to the extent it exceeds the normal or agreed use of the thing.'"); *id.* at ¶ 78 ("Sonder's breaches of … its legal requirements have directly and proximately caused Plaintiffs damages.").

¹⁰   Instead, Sonder devotes considerable attention to issues irrelevant to whether plaintiffs have stated a claim. For instance, Sonder contends that plaintiffs have no independent cause or right of action against it under Title 21 of the Louisiana Revised Statutes, which governs hotels. *See* R. Doc. 7-1, at p. 18. While the standards set forth in that Title are relevant to whether Sonder is acting as a prudent administrator of the Premises and whether its actions and inactions are jeopardizing the Hotel License, from the petition it is clear that plaintiffs have not attempted to assert claims against Sonder under that Title.

¹¹   Article 2668 provides Louisiana's definition of what constitutes a "lease." To be clear, plaintiffs do not take the position that the Sublease at issue is not a lease.

¹²   *See also Schwegmann Fam. Tr. No. 2 v. John Hancock Life Ins. Co.*, 345 F. App'x 13, 15 (5th Cir. 2009).

4

the referenced title—Civil Code Book III, Title IX (Of Lease)—are Civil Code articles 2683, 2686, 2688, and 2692, each of which is addressed *infra* and each of which plaintiffs contend Sonder has breached. These articles are "intended to regulate the relationship between lessor and lessee when there is no contractual stipulation imposed in the lease."[13]

While Sonder would have the Court view the Sublease is a vacuum, without any reference to Louisiana law,[14] the cases Sonder itself cites support the applicability of these Civil Code articles (and consequently, plaintiffs' ability to state a claim under them):

1. In *Carriere v. Bank of La.*,[15] the Louisiana Supreme Court noted that "[t]he lessor's and lessee's duties *ex contractu* are set forth in the parties' contract of lease; in Title IX of the Civil Code, *Of Lease*, art. 2669 et seq.; **and** in Title III of the Civil Code, *Obligations in General*, art. 1756 et seq." (emphasis added). Through its use of the conjunctive, the Supreme Court made it clear that a lessee's duties may exceed those set forth in the lease;

2. The second case, *Garsee v. Makolli*, recognizes that a lessee's obligations under Civil Code article 2683 co-exist with the provisions of the lease;[16] and

3. Finally, in *Frey v. Amoco Prod. Co.*, the Louisiana Supreme Court—consistent with *Carriere*—noted that "[w]hen the parties made no provision for a particular situation, it must be assumed that they intended to bind themselves **not only to the**

---

[13] *Schwegmann*, 345 F. App'x at 15 (5th Cir. 2009) (citing *Tassin v. Slidell Mini–Storage, Inc.*, 396 So. 2d 1261 (La. 1981)).

[14] *See* R. Doc. 7-1, at pp. 20-21.

[15] 95-3058 (La. 12/13/96), 702 So. 2d 648, 665-66.

[16] 54,452 (La. App. 2 Cir. 6/8/22), 341 So. 3d 880, 884. Specifically, the *Garsee* court recited the lessee's obligations under article 2683 and then stated that the terms of the lease "further … defin[e … the parties'] respective legal rights and obligations." *Id.*

5

**express provisions of the contract, but also to whatever the law**, equity, or usage **regards as implied in a contract of that kind** or necessary for the contract to achieve its purpose."[17]

### B. The Petition States a Claim for Sonder's Breach of its Obligations Under Louisiana Civil Code Article 2683.

Civil Code article 2683, which sets forth the "principal obligations" of a lessee such as Sonder, provides:

The lessee is bound:

(1) To pay the rent in accordance with the agreed terms;[18]

(2) To use the thing as a prudent administrator and in accordance with the purpose for which it was leased; and

(3) To return the thing at the end of the lease in a condition that is the same as it was when the thing was delivered to him, except for normal wear and tear or as otherwise provided hereafter.[19]

Subsection (2)—Sonder's obligation "to use the thing [the Premises] as a prudent administrator"—forms the basis of the majority of plaintiffs' claims in their petition. For instance, as plaintiffs allege in their petition:

---

[17] 603 So. 2d 166, 172 (La. 1992) (emphasis added) (citing LA. CIV. CODE art. 2054). The fourth case Sonder cites in that section, *Quality Mfg. Co. v. Direct Factory Stores, Inc.*, is inapplicable. 540 So. 2d 419, 420-21 (La. App. 1 Cir. 1989). In that case, parties focused on use, not the central issue in this case: whether Sonder has operated the Premises as a prudent administrator. The permitted use under the lease at issue in *Quality* was a "retail business," whereas the landlord wanted the tenant to operate a "first-rate clothing store." Here, the Sublease's Permitted Use is for Sonder's operation of a hotel at the Premises. To be clear, plaintiffs do not seek to prohibit Sonder from using the Premises for its Permitted Use as that term is defined in the Sublease. Rather, they seek damages for Sonder's failure to use the Premises as a prudent administrator, as it is required to do by LA. CIV. CODE art. 2683(2).

[18] This subsection is inapplicable, as plaintiffs have not alleged that Sonder has failed to pay rent.

[19] Likewise, because the Sublease's term has not expired, plaintiffs agree that subsection (3) does not apply at this point; however, Sonder's guests' physical damage to the Premises is recoverable under other articles cited herein.

6

- "During Sonder's period of operations, Sonder has allowed the name of the hotel to become associated with several negative events that have tarnished the Jung Hotel name, reputation, and value." R. Doc. 1-1, at ¶ 13;

- "Sonder tells the public that guest security is its 'top priority,' yet it refuses to provide any meaningful security at the Premises." *Id.* at ¶ 17;

- "Sonder's lack of security at the Jung Hotel, coupled with Sonder's business practices at the Premises, have attracted shootings and other violent crime and promote unlawful activities." *Id.* at ¶ 18; *see also id.* at ¶¶ 23-28 (detailing several shootings that are believed to have involved Sonder guests);

- "Sonder provides its guests at the Premises with virtually no security, and the resulting crime has jeopardized the Hotel License." *Id.* at ¶ 21; *see also id.* at ¶ 22 (pleading a laundry list of ways in which Sonder fails to secure the Premises in a manner required of a prudent administrator); and

- Sonder has failed to operate the Premises as a prudent administrator through its failure to maintain the Premises in sanitary condition, in violation of statutes such as LA. REV. STAT. § 21:1(A) and § 21:3(A). *See* R. Doc. 1-1, at ¶¶ 47-54.

Given the foregoing, Sonder's motion should be denied because (a) plaintiffs' Petition states a cause of action for Sonder's breach of its obligations under Civil Code article 2683(2) and (b) the Sublease does not waive, exclude, or limit Sonder's obligation to use the Premises as a prudent administrator.

### C. The Petition States a Claim for Sonder's Breach of its Obligations Under Louisiana Civil Code Article 2686.

Louisiana Civil Code article 2686 provides in pertinent part that "[i]f the lessee uses the thing for a purpose other than that for which it was leased or in a manner that may cause damage

7

to the thing, the lessor may obtain … any damages he may have sustained."[20] Here, plaintiffs' petition asserts not that only that Sonder has used the Premises in a manner that may cause it damage, but that its misuse of the Premises has caused plaintiffs actual damage. *See, e.g.,* R. Doc. 1-1, at ¶ 50 ("…There w[ere] … holes punched in the wall…."); *id.* at ¶ 69 ("…Once you get into the rooms (at least on the residence side [*i.e.*, Sonder's Premises]) they are all in disrepair…"); *id.* at ¶ 73 ("…Sonder has used the Premises in a manner that not only 'may cause damage,' but rather has caused actual and significant damage to the Premises, to the overall Hotel, and to the Plaintiffs.").

Accordingly, Sonder's motion should be denied because (a) plaintiffs' Petition states a cause of action for Sonder's breach of its obligations under Civil Code article 2686 and (b) the Sublease does not waive, exclude, or limit Sonder's obligation not to use the Premises in a manner that may cause damage to it.

### D. The Petition States a Claim for Sonder's Breach of its Obligations Under Louisiana Civil Code Article 2688.

Louisiana Civil Code article 2688 provides in pertinent part that "[t]he lessee is bound to notify the lessor without delay when the thing has been damaged or requires repair … The lessor is entitled to damages sustained as a result of the lessee's failure to perform this obligation." As the petition states that "Sonder has not given Master Tenant the required notice of the damages to the Premises" (R. Doc. 1-1, at ¶ 75), Sonder's motion should be denied because plaintiffs' petition states a cause of action for Sonder's breach of its obligations under Civil Code article 2688.[21]

---

[20] Comment (b) to article 2686 further explains that "…the actual granting of relief, as well as the choice of the appropriate relief, is left to the discretion of the court upon proper weighing of all the circumstances of the particular case. …" Thus, plaintiffs' entitlement to damages for Sonder's damage to the Premises is ultimately an issue for trial on the merits.

[21] Further, Sonder's obligations under article 18 of the Sublease are consistent with its obligations under Civil Code article 2688.

8

### E. The Petition States a Claim for Sonder's Breach of its Obligations Under Louisiana Civil Code Article 2692.

Finally, Louisiana Civil Code article 2692 provides that "[t]he lessee is bound to repair damage to the thing caused by his fault or that of persons who, with his consent, are on the premises or use the thing, and to repair any deterioration resulting from his or their use to the extent it exceeds the normal or agreed use of the thing." Plaintiffs' petition details a plethora of damages caused to the Premises by Sonder's guests, from gun fights to broken windows to damaged walls. It thus states a claim under Civil Code article 2692, particularly given that the Sublease does not limit Sonder's obligation to repair such damages.

## II. Sonder Was Given Notice of Its Defaults Under the Sublease and Failed to Cure.

Finally, Sonder's assertion that "all claims … are barred by the Sublease notice and cure provision,"[22] which is based on paragraph 29 of the Sublease, misses the mark and should be rejected. Plaintiffs gave Sonder repeated notice of its defaults under the Sublease, and Sonder failed to cure.[23]

Paragraph 29 of the Sublease provides, in pertinent part, that "Sublessee will be in default under this Lease if … Sublessee fails to comply with any of the other provisions of this Lease, and that failure continues for more than thirty (30) calendar days after Sublessee receives written notice from Sublessor of such failure…" While Sonder concedes that plaintiffs' petition pleads that Sonder was given at least **five written notices** of the issues between the parties, it contends that these notices were insufficient because they do not "comport with the form of notice mandated by

---

[22] R. Doc. 7-1, at pp. 8-10.

[23] Insofar as plaintiffs' claims against Sonder under the Civil Code are concerned, "[a]micable demand is not a condition precedent to a civil action, unless specifically required by law." LA. CODE CIV. PROC. art. 421. Civil Code articles 2683, *et seq.*, do not impose such a requirement.

9

the Sublease." R. Doc. 7-1, at p. 9. The Sublease, however, does not "mandate" any particular form of notice.

Rather, the Sublease's notice provision provides that "[a]ny notice required or permitted under this Lease or under state law **shall be deemed sufficiently given** or served if sent by United States certifies mail, return receipt requested, addressed as follows…" R. Doc. 1-1, at p. 35 (emphasis added). In other words, that provision gives rise to a presumption of proper notice if a mailing is made in a certain manner; however, by its plain language, it does not require notice to be in any specific manner or form.[24] Thus, whether Sonder received legally sufficient notice of its breaches of the Sublease ultimately is an issue for the trier of fact.

### III.     Leave to Amend.

Generally, a court should allow a plaintiff to amend its pleading even where the court doubts that the pleading defects can be overcome based on the federal policy of favoring decisions on the merits, rather than on technicalities.[25] Should this Court grant Sonder's Rule 12(b)(6) motion to dismiss, plaintiffs request, in accordance with federal court policy, that they be allowed to file an amended complaint to overcome any pleading defects.

---

[24]     Perhaps Sonder has confused the Sublease's notice provision with the myriad purported leases the parties' respective related entities are litigating before Judge Barbier in *Sonder Hospitality, Inc. v. 415 Rue Dauphine, LLC,* et al., E.D. La. Civ. No. 2:22-cv-02033 c/w *Sonder Hospitality USA, Inc. v. St. Ann Lodging, LLC and JAJ Ventures, LLC*, E.D. La. Civ. No. 2:22-cv-02971. Those documents mandate a specific manner and form of notice, providing that "all notices … must be in writing and sent by nationally recognized overnight courier service or registered or certified mail…"

[25]     *See, e.g.*, *Strong* ex rel. *Tidewater, Inc. v. Taylor*, 877 F. Supp. 2d 433, 454 (E.D. La. 2012) ("The policy of the federal rules … 'is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading…'").

## CONCLUSION

For the above reasons, plaintiffs have pled enough facts in their Petition to allow this Court to conclude that it is plausible that they are entitled to relief. Plaintiffs have adequately alleged the elements of claims for Sonder's breach of its obligations under Louisiana law and the Sublease at issue, and therefore, Sonder's motion to dismiss should be denied in its entirety. Solely in the alternative, plaintiffs respectfully request that they be granted leave to amend their petition to address any pleading defects.

    Respectfully submitted,

    **DWYER, CAMBRE & SUFFERN, APLC**

     /s/ Ryan M. McCabe
    **RYAN M. McCABE (31254)**
    3000 West Esplanade #200
    Metairie, Louisiana 70002
    Telephone: (504) 838-9090
    Facsimile: (504) 838-9187
    E-mail: rmccabe@dwyercambre.com

        and

    **KUTCHER TYGIER & LUMINAIS, LLP**

        **ROBERT A. KUTCHER** (LSBA #7895)
        **NICOLE S. TYGIER** (LSBA #19814)
        Two Lakeway Center, Suite 900
        3850 North Causeway Boulevard
        Metairie, Louisiana  70002
        Telephone:  (504) 830-3838
        Facsimile:   (504) 836-9540
        Email:      rkutcher@nolacounsel.com
                  ntygier@nolacounsel.com

    Attorneys for The Jung, L.L.C. and
    The Jung Master Tenant, L.L.C.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been duly served upon all counsel of record via the Court's CM/ECF system this 11th day of April, 2023.

       /s/ Ryan M. McCabe