UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**THE JUNG, LLC, et al.**                                    **CIVIL ACTION**

**VERSUS**                                                    **CASE NO. 23-692**

**SONDER USA, INC.**                                          **SECTION: "G"(5)**

## ORDER AND REASONS

Pending before the Court is Defendant Sonder USA, Inc.'s ("Defendant" or "Sonder") "Motion to Dismiss Plaintiffs' Amended Complaint."[1] The Jung, LLC ("Jung") and The Jung Master Tenant, LLC ("Master Tenant") (collectively, "Plaintiffs") oppose this motion.[2] In the original petition, Plaintiffs brought claims for alleged breaches of a sublease agreement and obligations imposed on lessees under Louisiana law.[3] Defendant removed the case to this Court.[4] Defendant then filed a motion to dismiss.[5] This Court granted Plaintiffs leave to amend the pleadings to cure certain deficiencies.[6] Plaintiffs filed an Amended Complaint.[7] Defendant then filed the instant Motion to Dismiss the Amended Complaint.[8] The matter came before the Court for oral argument on August 23, 2023, at 3:00 PM. Considering the motions, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion in part

---

[1] Rec. Doc. 17.

[2] Rec. Doc. 20.

[3] Rec. Doc. 1-1.

[4] Rec. Doc. 1.

[5] Rec. Doc. 7.

[6] Rec. Doc. 12.

[7] Rec. Doc. 16.

[8] Rec. Doc. 17.

and denies the motion in part.

## I. Background

On January 25, 2023, Plaintiffs filed a Petition for Damages against Defendant in the Civil District Court for the Parish of Orleans.[9] In the Petition, Plaintiffs allege that in 2007, Jung purchased the Jung Hotel building at 1500 Canal Street in New Orleans (the "Hotel") and subsequently spent $155,000,000 for its renovation and restoration.[10] On February 24, 2015, Jung entered a master lease with Master Tenant for the entire Hotel property.[11] In 2018, the Hotel reopened as the Jung Hotel and Residences.[12] On August 2, 2018, Master Tenant and Defendant entered into a Sublease Agreement ("the Sublease") for a portion of the Hotel consisting of "a total of (111) residential apartment unit(s) . . . comprising twenty-five (25) two-bedroom and eighty-six (86) one-bedroom residential apartments" (the "Premises").[13] Generally, the Premises was comprised of the eighth through the seventeenth floors of the Hotel, "essentially a hotel within a hotel."[14]

Plaintiffs allege that Defendant's use of the Premises has fallen below the standard Louisiana law imposes on a prudent administrator.[15] For instance, Plaintiffs allege that Defendant provides its guests with virtually no security, which has resulted in shootings and other violent

---

[9] Rec. Doc. 1-1.

[10] *Id.* at 3–4.

[11] *Id.* at 4.

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.* at 6.

crime at the Premises.[16] Plaintiffs also allege that Defendant has not maintained the Premises in a clean and sanitary condition and that Defendant has not otherwise kept the Premises in good order and repair.[17] Plaintiffs bring claims for alleged breach of the sublease and for alleged breach of Defendant's obligations under Louisiana law.[18]

On February 24, 2023, Defendant removed the case to this Court.[19] On March 29, 2023, Defendant filed a motion to dismiss.[20] On April 11, 2023, Plaintiffs filed an opposition to the motion.[21] On April 20, 2023, with leave of Court, Defendant filed a reply brief in further support of the motion.[22] On June 20, 2023, this Court denied Defendant's motion to dismiss, and Plaintiffs were granted leave of Court to file an amended complaint to cure certain deficiencies identified in the Order.[23] The Court found that Master Tenant had stated a claim against Sonder for alleged violations of its obligations under Louisiana Civil Code articles 2683(2), 2686, 2688, and 2692.[24] However, the Court found that Plaintiffs had not shown that Jung had a claim for breach of these obligations under Louisiana law.[25] The Court also found that Plaintiffs have not stated a claim for an alleged violation of the contractual provisions of the Sublease.[26] Therefore, the Court granted

---

[16] *Id.* at 7–13.

[17] *Id.* at 19–25.

[18] *Id.*

[19] Rec. Doc. 1.

[20] Rec. Doc. 7.

[21] Rec. Doc. 8.

[22] Rec. Doc. 11.

[23] Rec. Doc. 12.

[24] *Id.* at 12.

[25] *Id.* at 14.

[26] *Id.*

Plaintiffs leave to amend to clarify these two issues.[27]

Plaintiffs filed an Amended Complaint on July 5, 2023.[28] In the Amended Complaint, Plaintiffs allege that Defendant caused damage to Master Tenant by: (1) breaching Section 13 of the Sublease by putting the hotel license for the premises in jeopardy; (2) breaching Section 18 of the Sublease by failing to maintain the hotel industry AAA Four-Diamond Standard; and (3) breaching Section 18 of the Sublease by failing to comply with its maintenance obligations.[29] As to the claims of Jung, the Amended Complaint alleges "diminution in the value of the Hotel from a development cost of $155,000,000.00 to its current appraised value of $40,000,000.00 and physical damages and deterioration to the Premises caused by Sonder and its guests."[30]

On July 19, 2023, Defendant then filed the instant Motion to Dismiss Plaintiffs' Amended Complaint.[31] On July 24, 2023, this Court ordered that oral arguments in this matter be set for August 23, 2023, at 3:00 P.M.[32] On August 1, 2023, Plaintiffs filed an opposition to the motion.[33] On August 9, 2023, with leave of Court, Defendant filed a reply brief in further support of the motion.[34]

---

[27] *Id.* at 15.

[28] Rec. Doc. 16.

[29] *Id.* at 22–30.

[30] *Id.* at 31.

[31] Rec. Doc. 17.

[32] Rec. Doc. 19.

[33] Rec. Doc. 20.

[34] Rec. Doc. 23

## II. Parties' Arguments

*A.     Defendant's Arguments in Support of the Motion to Dismiss*

Defendant asserts that Plaintiffs' Amended Complaint should be dismissed since it is "nearly identical" to the original compliant and Plaintiffs have not cured the deficiencies noted in the Court's ruling.[35] Defendant then re-urges its arguments from their original motion to dismiss as follows.

First, Defendant contends that the Amended Complaint is barred by the Sublease's limitation of remedies provision.[36] It is Defendant's position that the only available remedies are termination of the Sublease or payment of past due rent.[37] Thus, Defendant asserts that Plaintiffs' requests for "damages and specific performance" are barred by the language of the Sublease.[38]

Second, Defendant contends that the Amended Complaint fails to plead a plausible claim for breach of contract.[39] Defendant states that this Court held that neither Jung nor Master Tenant had pleaded viable claims for breach of any provision of the Sublease.[40] Defendant avers that the Amended Complaint is nothing more than a regurgitation of the same allegations set forth in the original complaint and the deficiencies have not been cured.[41] Thus, Defendant contends that all claims for breach of sublease by both Jung and Master Tenant should be dismissed.[42]

---

[35] Rec. Doc. 17 at 1.

[36] Rec. Doc. 17-1 at 6.

[37] *Id.* at 7.

[38] *Id.*

[39] *Id.* at 9.

[40] *Id.* at 10.

[41] *Id.*

[42] *Id.*

Third, Defendant states that the Amended Complaint "does not plausibly plead that Sonder undertook any obligation that was breached regarding hotel licensure."[43] Defendant contends that the Amended Complaint does not give any reason to believe its hotel license is in jeopardy or any action that has been taken against the hotel license.[44] Further, Defendant argues that the licensure of businesses in the City of New Orleans is governed by the Code of Ordinances for the City of New Orleans and not the Louisiana Revised Statutes as cited by Plaintiffs.[45] Defendant also points out that The Jung Hotel's license has been renewed multiple times since the incidents described in the Amended Complaint.[46] As such, the Defendant asserts that Plaintiffs have failed to plausibly plead that Defendant breached any obligations regarding hotel licensure.

Fourth, Defendant asserts that the Amended Complaint "does not plausibly plead that Sonder undertook any obligation that was breached regarded security."[47] Defendant contends that there is nothing in the Sublease that imposes obligations as it relates to security.[48] Additionally, Defendant avers that the common areas, including hallways and elevators, are solely the responsibility of Master Tenant.[49] As such, Defendant contends that the Amended Complaint fails to plead a viable claim under the Sublease with respect to security issues.[50]

Fifth, Defendant asserts that the Amended Complaint "does not plausibly plead that Sonder

---

[43] *Id.*

[44] *Id.*

[45] *Id.* at 11.

[46] *Id.*

[47] *Id.* at 12.

[48] *Id.* at 13.

[49] *Id.*

[50] *Id.* at 15.

undertook any obligation that was breached regarding 'dirty rooms.'"[51] Defendant restates that there hasn't been proof of any action taken against Jung's hotel licensure, and that Plaintiffs incorrectly rely on the Louisiana Revised Statutes.[52]

Sixth, Defendant contends that the Amended Complaint "does not plausibly plead that Sonder undertook and breached any Sublease obligations regarding 'AAA Four-Diamond Standards.'"[53] Defendant alleges that the AAA Four-Diamond Standard was contemplated to only apply to repair and maintenance obligations.[54] Defendant contends that the Sublease did not require that it comply with all aspects of the AAA Four-Diamond Standard.[55] As such, Defendant avers that the Plaintiff's allegations regarding the AAA Four-Diamond Standard are not plausible claims.[56]

Seventh, Defendant contends that the Amended Complaint "does not plausibly plead that Sonder undertook any maintenance obligations that were breached."[57] Defendant asserts that the Amended Complaint never alleges when the complaints regarding damages were made, who made them, whether they were addressed, or whether there are currently unrepaired damages to the Premises.[58] As such, Defendant contends that the pleading deficiencies remain fatal to this claim.[59]

Eighth, Defendant argues that the Sublease controls the relationship between Sonder and

---

[51] *Id.*

[52] *Id.*

[53] *Id.* at 16.

[54] *Id.*

[55] *Id.*

[56] *Id.*

[57] *Id.* at 17.

[58] *Id.*

[59] *Id.*

Master Tenant and there were no gaps in it.[60] Defendant alleges that Plaintiffs are attempting to rewrite the sublease using codal articles.[61] Defendant contends that the Sublease addresses the rights and obligations of the parties, and the "prudent administrator" provisions of the Louisiana Civil Code cannot be a basis to impose additional obligations.[62]

Lastly, Defendant contends that all claims by Jung must be dismissed for lack of contractual privity.[63] Defendant states that Jung was not a party to the Sublease and does not have any rights under the Sublease.[64] As such, all of Jung's claims for damages, including its claim tied to the alleged decrease in value to the property, should be dismissed.[65]

### B. *Plaintiffs' Arguments in Opposition to the Motion to Dismiss*

In opposition, Plaintiffs asserts that this Court has already found that they stated a cause of action in their original pleadings.[66] Plaintiffs maintain that they have cured all issues noted in the Court's Order and Reasons.[67] Plaintiffs contend that Defendant continues to make the same arguments, and that the motion to dismiss is in effect a motion to reconsider.[68] Plaintiffs also state that Jung's claims against Defendant are delictual in nature.[69] Thus, Plaintiffs assert that they have adequately alleged the elements of claims for Defendant's breach of its obligations under

---

[60] *Id.* at 20.

[61] *Id.*

[62] *Id.*

[63] *Id.* at 23.

[64] *Id.*

[65] *Id.*

[66] Rec. Doc. 20 at 1.

[67] *Id.* at 2.

[68] *Id.* at 6.

[69] *Id.* at 8.

Louisiana law and the Sublease at issue, and the motion to dismiss should be denied.[70]

C.  *Defendant's Arguments in Further Support of the Motion to Dismiss*

In further support of the Motion to Dismiss, Defendant asserts that the Amended Complaint fails to state a cause of action for breach of the Sublease or under the Louisiana Civil Code in favor of Jung.[71] Sonder asserts that any tort claim must be dismissed because it is not alleged in the Amended Complaint and because Jung has not plead any specific facts showing that it has a plausible claim for tort-based relief.[72] As such, Defendant contends that all claims by Jung should be dismissed.[73]

Defendant re-urges that Master Tenant has failed to plead a plausible claim for breach of the written Sublease, has not adequately pleaded jeopardy of hotel licensure, and that Plaintiffs cannot use the Civil Code to rewrite the Sublease.[74] Defendant also asserts that Plaintiffs' remedies are limited to those set out in the Sublease, namely termination of the Sublease or past due rent.[75]

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed for "failure to state a claim upon which relief can be granted."[76] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[77] "To survive a motion to dismiss, a

---

[70] *Id.* at 9.

[71] Rec. Doc. 23 at 1–5.

[72] *Id.* at 3–4.

[73] *Id.*

[74] *Id.* at 5.

[75] *Id.* at 10.

[76] Fed. R. Civ. P. 12(b)(6).

[77] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[78] "Factual allegations must be enough to raise a right to relief above the speculative level."[79] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[80]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[81] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[82] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[83] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[84] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[85] That is, the complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[86] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of

---

[78] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[79] *Twombly*, 550 U.S. at 555.

[80] *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).

[81] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[82] *Iqbal*, 556 U.S. at 678–79.

[83] *Id.* at 679.

[84] *Id.* at 678.

[85] *Id.*

[86] *Id.*

the asserted claims.[87] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[88]

## IV. Analysis

### A. *Whether Jung Has Stated a Claim Upon Which Relief Can Be Granted*

In analyzing the original petition and the first motion to dismiss, this Court found that Jung had "not stated a claim against Sonder under Louisiana Civil Code articles 2638(2), 2686, 2688, and 2692,"[89] since Jung was not a sublessor under the instant Sublease. As it was unclear to the Court what claims Jung was attempting to bring, Plaintiffs were granted leave to file an Amended Complaint to clarify this issue.[90] In the Amended Complaint, Plaintiffs allege that Sonder's lack of control or oversight over the Premises caused Plaintiffs to lose out on a lucrative business opportunity which in turn would have increased Master Tenant's profits and increased the value of the Jung Hotel.[91] Plaintiffs further contend that Jung's damages include, but are not limited to, diminution in the value of the Hotel from a development cost of $155,000,000.00 to its current appraised value of $40,000,000.00, and physical damages and deterioration to the Premises caused by Sonder and its guests.[92]

In opposition to the instant motion, Jung clarifies that its claims against Sonder are delictual

---

[87] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[88] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Hum. Serv. Dist.*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[89] Rec. Doc. 12 at 14.

[90] *Id.*

[91] Rec. Doc. 16 at 19.

[92] *Id.* at 31.

in nature, rather than contractual.[93] In reply, Sonder asserts that any such claim must be dismissed because it is not alleged in the Amended Complaint and because Jung has not plead any specific facts showing that it has a plausible claim for tort-based relief.[94]

The Federal Rules of Civil Procedure impose a requirement of "notice pleading," meaning that a defendant must be given notice of the specific claims against it.[95] Although this notice does not require pleading specific facts, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[96] "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading."[97]

Jung's claims against Sonder meet these requirements. Jung alleges that Sonder's lack of control and/or oversight over the Premises caused Plaintiffs to lose out on a lucrative business opportunity which in turn would have increased the value of the Jung Hotel.[98] Plaintiffs further contend that Jung's damages include, but are not limited to, diminution in the value of the Hotel from a development cost of $155,000,000.00 to its current appraised value of $40,000,000.00, and physical damages and deterioration to the Premises caused by Sonder and its guests.[99]

Sonder also argues that Plaintiffs have failed to identify "a specific legal duty or standard

---

[93] Rec. Doc, 20 at 8.

[94] Rec. Doc, 24 at 3–4.

[95] *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief").

[96] *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

[97] *Anderson v. U.S. Dep't of Hous. & Urb. Dev.*, 554 F.3d 525, 528 (5th Cir. 2008) (citing *Beanal v. Freeport–McMoran, Inc.*, 197 F.3d 161, 165–66 (5th Cir. 1999)).

[98] Rec. Doc. 16 at 19.

[99] *Id.* at 31.

of care breached by Sonder."[100] "While Louisiana law does impose a 'universal duty' on defendants in a negligence action to use 'reasonable care,' plaintiffs are still required to assert a 'specific standard' of care."[101] "The inquiry is whether the plaintiff has any law (statutory, jurisprudential, or arising from general principles of fault) to support the claim that the defendant owed him a duty."[102] Jung cites Louisiana Civil Code article 2317.1, which imposes a duty on a custodian of a building to keep it free from vices or defects. To establish negligence under Article 2317.1, the plaintiff must prove the following: "(1) that the defendant knew or should have known of the vice or defect; (2) that the damage could have been prevented by the exercise of reasonable care; and (3) that the defendant failed to exercise reasonable care."[103] Jung alleges that Sonder had a lack of control or oversight over the Premises, which allegedly caused damage to Jung.[104] Jung alleges that it informed Sonder of these alleged defects, but that Sonder failed to take any steps to prevent these issues.[105]

In a motion to dismiss, the sole question is whether the complaint states a claim on which relief can be granted.[106] Jung has clearly provided "grounds" for its "entitlement to relief."[107] As such, Jung has stated a claim upon which relief can be granted.

---

[100] Rec. Doc. 23 at 5.

[101] *Butler v. Denka Performance Elastomer, L.L.C.,* 16 F.4th 427, 445 (5th Cir. 2021) (quoting *Lemann v. Essen Lane Daiquiris, Inc.*, 2005-1095 (La. 3/10/06), 923 So. 2d 627, 633).

[102] *Lemann*, 923 So. 2d at 633.

[103] *Johnson v. Mike Anderson's Seafood, Inc.*, 2013-0379 (La. App. 4 Cir. 6/11/14), 144 So. 3d 125, 134, *writ denied*, 2014-1459 (La. 10/10/14), 151 So. 3d 586

[104] Rec. Doc. 16 at 5, 19.

[105] *Id.* at 19–20.

[106] *Columbia Broadcasting System v. U.S.*, 316 U.S. 407 (1942).

[107] *Twombly*, 550 U.S. at 545.

B.     *Whether Master Tenant Has Stated a Claim Upon Which Relief Can Be Granted*

### 1. Claims Asserted Pursuant to Obligations Under Louisiana Civil Code

In analyzing the original petition and the first motion to dismiss, this Court found that "Master Tenant has stated a claim against Sonder for alleged violation of its obligations under Louisiana Civil Code articles 2683(2), 2686, 2688, and 2692."[108] The Amended Complaint re-urges the same claims under the aforementioned Civil Code articles. As such, Master Tenant has stated a claim against Defendant for alleged violation of its obligations under Louisiana Civil Code articles 2683(2), 2686, and 2692 in the Amended Complaint.

Defendant re-urges its argument that the Civil Code articles do not apply in this case since the Sublease controls the relationship between Sonder and Master Tenant and there were no gaps in it.[109] However, the Court already addressed this issue in its prior order. "If the parties do not specify in the lease to the contrary, the general law of lease in the Civil Code will supply that implied right or obligation."[110] The Court further held that basic obligations of a lessee are not overridden by the provisions of the Sublease.[111] Nothing in the Sublease suggests that these obligations were waived. Indeed, the Sublease recognizes that Louisiana law governs "matters for which this lease does not provide."[112]

In oral argument, Defendant also re-urged its argument that the only available remedies are termination of the Sublease or payment of past due rent. Defendant cites *Rhodes v. Congregation*

---

[108] Rec. Doc. 12 at 12.

[109] *Id.* at 20.

[110] 2 La. Prac. Real Est. § 18:19, Implied rights and obligations (2d ed. 2022).

[111] Rec. Doc. 12 at 11.

[112] Rec. Doc. 16-1 at 8.

*of St. Francis*[113] to support this position. There, the Louisiana First Circuit Court of Appeal stated that "[a] party may, under some circumstances, legally contract against liability for his own negligence or for a limitation on recoverable damages, but such an agreement must clearly indicate the intention of the parties."[114]

Section 29 of the Sublease is titled "Default by Lessee." That section provides that Sonder will be in default under the Sublease if it: (1) fails to pay rent; (2) fails to comply with any other provision of the Sublease and the failure continues more than 30 days after receipt of written notice of such failure; or (3) becomes insolvent or files for bankruptcy.[115] "If Sublessee is in default under this Section 29, Sublessor may, as its sole and exclusive remedy, cancel and terminate the Lease upon written notice to Sublessee and proceed for all past due Rent owed by Sublessee as of the date of such termination."[116] The claims brought against Defendant include alleged violations of Louisiana law. The language is clear that the exclusive remedy only applies to defaults under the Sublease. As such, Defendant's argument is unavailing as the Sublease does not clearly indicate an intention of the parties to waive a claim for damages for alleged violations of obligations imposed on lessees under Louisiana law.

---

[113] *Rhodes v. Congregation of St. Francis De Sales Roman Cath. Church*, 476 So. 2d 461 (La. App. 1 Cir. 1985).

[114] *Id.* (citing La. Civ. Code art. 11; *Elephant, Inc. v. Hartford Accident & Indemnity Co.*, 239 So.2d 692 (La.App. 1st Cir.1970).

[115] Rec. Doc. 16-1 at 9.

[116] *Id.*

### 2. Claims Asserted Pursuant to Breach of Sublease

Defendant also argues that Plaintiffs have not alleged a breach of the Sublease. Plaintiffs assert that Defendant has breached Section 13 of the Sublease.[117] Section 13 provides that the "Sublessee agrees that it will not commit any act or omission which would jeopardize or result in the suspension, expiration, or termination of the Hotel License."[118] Plaintiffs contend that dirty linens and unkempt hotel rooms and bathrooms violate Louisiana Revised Statute § 21:1(A)[119] and § 21:3(A),[120] and thus put Plaintiffs at jeopardy of losing the hotel license.[121] Defendant argues that the Louisiana Revised Statutes are irrelevant to the revocation of the hotel license and that the hotel license has been renewed multiple times.[122] In any event, only the *sufficiency of the pleading* is at issue.[123] Furthermore, Section 13 does not require that the hotel license actually be revoked, only that it be put in jeopardy. The Amended Complaint clearly states "well-pleaded facts"[124] which shows a "legally cognizable claim"[125] for an alleged breach of Section 13. Plaintiffs allege specific facts such as "toenails in the bed sheets," "bloody linen," "splattered bathroom walls," "sticky stains," and "dirt, hair, and other filth," which they assert could jeopardize their hotel

---

[117] Rec. Doc. 16 at 22.

[118] Rec. Doc. 16-1 at 3.

[119] "Every hotel…shall furnish clean and fresh bed linens, unused by any other person since the last laundering thereof, on all beds assigned to the use of any guest or patron…"

[120] "Every keeper, manager, or person in charge of the conduct of any hotel…shall keep the closets, bathrooms, and toilet facilities provided for the use of its guests and patrons cleaned and maintained in sanitary condition."

[121] Rec. Doc. 16 at 22.

[122] Rec. Doc. 17-1 at 11.

[123] *Twombly*, 550 U.S. at 544 (emphasis added).

[124] *Id.*

[125] *Id.*

license.[126] On a motion to dismiss, these facts must be accepted as true.[127] As such, Master Tenant has stated a claim on which relief can be granted for alleged breach of Section 13 of the Sublease. Next, Plaintiffs assert that Defendant has breached Section 18 of the Sublease.[128] Section 18 provides that, "In all respects regarding repairs and maintenance of the Property and Premises, the parties mutually commit themselves to maintain the hotel industry AAA Four-Diamond Standard."[129] Section 18 also provides that:

> Sublessee, at Sublessee's expense, shall maintain and keep in good condition the nonstructural interior cosmetic components, appliances, and consumables including but not limited to filters and light bulbs in the Premises that do not constitute Sublessor's Repairs and immediately repair all damage to the Premises caused by the fault or negligence of Sublessee of the Sublessee Parties of damage that, due to the anticipated short-term rentals, exceeds the wear and tear attributable to normal single-tenant residential apartment use.[130]

Plaintiffs claim that Defendant has breached its maintenance and repair obligations under the Sublease.[131] Plaintiffs then refer to a guest complaint which states that the rooms are "in disrepair" and that there are "holes punched in the walls."[132] Defendant states that it is unclear when or where these complaints were made, or whether they have since been repaired by Defendant.[133] However, a motion made under Rule 12(b)(6) challenges the legal theory of the complaint, not the sufficiency of any evidence.[134] All in all, Master Tenant has alleged sufficient

---

[126] Rec. Doc. 16 at 22–24.

[127] *Iqbal*, 556 U.S. at 662.

[128] Rec. Doc. 16 at 25.

[129] Rec. Doc. 16-1 at 7.

[130] *Id.* at 6.

[131] Rec. Doc. 16 at 29.

[132] *Id.*

[133] Rec. Doc. 17-1 at 17.

[134] *Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc*., 988 F.2d 1157, 1160, 26

facts under a breach of Section 18 of the Sublease.

For these reasons, the Court concludes that Master Tenant has stated a claim for alleged breaches of Sections 13 and 18 of the Sublease. However, the Sublease contains a limitation of remedies provision for alleged violations of provisions of the Sublease. Section 29 provides that Sonder will be in default under the Sublease if it: (1) fails to pay rent; (2) fails to comply with any other provision of the Sublease and the failure continues more than 30 days after receipt of written notice of such failure; or (3) becomes insolvent or files for bankruptcy.[135] "If Sublessee is in default under this Section 29, Sublessor may, as its sole and exclusive remedy, cancel and terminate the Lease upon written notice to Sublessee and proceed for all past due Rent owed by Sublessee as of the date of such termination."[136] This section clearly indicates the parties intent to limit damages for alleged violations of any "provision of the Sublease."[137] Therefore, Master Tenant's request for damages for alleged violations of Sections 13 and 18 of the Sublease is barred by the limitation of remedies provision.

---

U.S.P.Q.2d 1038 (Fed. Cir. 1993).

[135] Rec. Doc. 16-1 at 9.

[136] *Id.*

[137] *Id.*

## V. Conclusion

For the reasons discussed above, the Court finds that Plaintiffs' Amended Complaint has stated a claim upon which relief can be granted. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Amended Complaint[138] is **GRANTED IN PART** and **DENIED IN PART.** The motion is **GRANTED** to the extent that any request for damages for alleged violations of Sections 13 and 18 of the Sublease is barred by the limitation of remedies provision. The motion is **DENIED** in all other respects.

**NEW ORLEANS, LOUISIANA**, this   15th   day of November, 2023.

**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[138] Rec. Doc. 17.